FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 6 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

-vs-

MARC EUGENE NOBLITT

Case No. 1:03-CR-665-01-CC
(Second Superseding)

**Defendant's Attorney:**
**William J. McKenney**
**Steven Berne**

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count(s) 2,3,5,6,7,8,9 & 10 of the Second Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 21 U.S.C. §§846 and 841(b)(1)(C) | Conspiracy to Possess with Intent to Distribute MDMA | 2-3 |
| 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) | Possession of MDMA | 5-10 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 11 dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$ 800.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. 2650 .................................. Date of Imposition of Sentence:
Defendant's Date of Birth: 1968                                                                June 4, 2007
Defendant's Mailing Address:
Fayetteville, GA 30215

Signed this the 6th day of June, 2007.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

1:03-CR-665-01-CC : MARC EUGENE NOBLITT

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWO HUNDRED FORTY MONTHS on Counts 2, 3, 5, 6, 7, 8, and 9 to run concurrently and TWENTY-TWO MONTHS on Count 10 to run consecutive to Counts 2, 3, 5, 6, 7, 8, and 9. Total sentence of TWO HUNDRED SIXTY-TWO (262) MONTHS. The defendant shall be given credit for time served while in Germany. (Six Months)**

The Court will recommend that defendant participate in a drug treatment program while incarcerated.

The Court will also recommend that the sentence be served in the Atlanta area.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____

Deputy U.S. Marshal

1:03-CR-665-01-CC : MARC EUGENE NOBLITT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE YEARS on each of Counts 2, 3, 5, 6, 7, 8, 9, and 10 all to run concurrently.**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1. The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

2. The defendant shall participate in a drug/alcohol treatment program and an anger management program under the guidance and supervision of the United States Probation Officer and if able, contribute to the cost of services for such treatment.

3. The defendant shall submit to a search of her person, property (real, personal, or rental), residence, office, and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. The Court will order the defendant pay a fine of $5,000.00. Any portion of the fine that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $300.00

5. The defendant shall not illegally possess a controlled substance.

6. The defendant shall make a full and complete of disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

7. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

8. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

9. Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

1:03-CR-665-01-CC : MARC EUGENE NOBLITT

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:03-CR-665-01-CC : MARC EUGENE NOBLITT

## FINE

The defendant shall pay a fine of **$ 5,000.00**.

This fine includes any costs of incarceration and supervision.

This fine (plus any interest required) shall be paid immediately. The defendant shall make fine payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the fine that is not paid in full at the time of defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $300.00

If the fine is not paid, the court may sentence this defendant to any sentence which might have been originally imposed. See 18 U.S.C. 3614.