FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL - 3 2008

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# United States Court of Appeals
## For the Eleventh Circuit

No. 07-12683

District Court Docket No.
03-00665-CR-1-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jun 3, 2008

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

MARC EUGENE NOBLITT,

        Defendant-Appellant.

A True Copy - Attested
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: _____ Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUL 0 2 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: June 3, 2008
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK
```

No. 07-12683
Non-Argument Calendar

D. C. Docket No. 03-00665-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARC EUGENE NOBLITT,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

**(June 3, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Marc Eugene Noblitt appeals his 262-month sentence for two counts of conspiracy to possess with intent to distribute 3,4 methylenedioxymetham-

phetamine ("MDMA"), in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and six counts of possession of MDMA, in violation of 21 U.S.C. § 841(a)(1), (B)(1)(C). On appeal, Noblitt argues that the district court erred by adopting the presentence investigation report ("PSI") as undisputed, pursuant to Rule 32(i)(3) of the Federal Rules of Criminal Procedure.

We review the district court's application of Rule 32 de novo. United States v. Noel, 231 F.3d 833, 836 (11th Cir. 2000). We review the district court's factual findings for clear error. United States v. Orisnord, 483 F.3d 1169, 1181 (11th Cir. 2007). After careful review of the record, we vacate and remand Noblitt's sentence for further proceedings consistent with this opinion.

The relevant facts are these. Noblitt pled guilty to two counts of conspiracy to possess with intent to distribute MDMA, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and six counts of possession of MDMA, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He then proceeded to sentencing.

According to the PSI, Noblitt was a member of a conspiracy that produced approximately 40 kilograms of MDMA from the summer of 2000 until September 2003. Noblitt's role in the conspiracy included manufacturing and selling MDMA. He also served in a consulting role for startup MDMA labs by providing production advice in exchange for a portion of the MDMA produced. According

to the government, the total street value of the MDMA produced was between $8,250,000 and $11,000,000.

The PSI stated that Noblitt was responsible for 52,500 grams of MDMA, and assigned Noblitt a base offense level of 36, pursuant to the applicable Guidelines drug quantity table, U.S.S.G. § 2D1.1(c). The PSI recommended the following adjustments: (1) a 3-level increase, pursuant to § 3B1.1, for being the manager or supervisor of criminal activity involving five or more participants or that was otherwise extensive; (2) a 2-level increase, pursuant to § 3C1.1, for obstruction of justice; and (3) a 2-level decrease, pursuant to § 3E1.1, for acceptance of responsibility. With an adjusted offense level of 39 and a criminal history category I, Noblitt faced an advisory Guidelines range of 262 to 327 months' imprisonment.

Noblitt filed objections to the PSI. He objected to the quantity of MDMA for which he was held accountable in the PSI, contending that he should have been held accountable for only 6,000 to 20,000 grams of MDMA, which would have yielded a base offense level of 34. Noblitt also objected to receiving an aggravating role enhancement under § 3B1.1. Noblitt detailed these objections in a letter attached to the PSI. The letter provided the following:

Paragraphs 18-95: Mr. Noblitt should be held responsible for between 6,000 - 20,000 grams of MDMA. Mr. Noblitt did not have an aggravating role in the offense.

Paragraph 96: Mr. Noblitt should be held responsible for between 6,000 - 20,000 grams of MDMA.

Paragraph 100: The offense level specified in the Drug Quantity Table under U.S.S.G. § 2D1.1(c)[3] sets a base offense level of 34. Mr. Noblitt is responsible for between 6,000 - 20,000 grams of MDMA which converts to between 3,000 - 10,000 kilograms of marijuana.

Paragraph 103: Mr. Noblitt did not have an aggravating role in the offense. Therefore, no points should be added.

Paragraph 105: Adjusted Offense Level (Subtotal) 34.

Paragraph 107: Total Offense Level is 34.

Before the sentencing hearing, the government filed a sentencing memorandum in which it challenged the sufficiency of Noblitt's objections to the PSI. According to the government, Noblitt's objections were "perfunctory" and "lacking in specificity." The government urged the district court to adopt the PSI's statement of the facts as undisputed because Noblitt's objections were so deficient that they did not trigger the court's duty to resolve disputed facts in the PSI, under Fed. R. Crim. P. 32(i)(3).

At the sentencing hearing, the district court adopted the PSI with the exception of the paragraphs pertaining to drug quantity and Noblitt's role in the offense, on which the court said it would hear argument. The government

maintained its position that Noblitt's objections to the PSI were insufficient and requested that Noblitt specify for the court the PSI paragraphs that he disputed. Noblitt responded: "We can do that." The district court then instructed the parties to confer with each other and directed Noblitt to tell the government the factual paragraphs with which he agreed and those that he disputed. The district court noted that the government was prepared to come forward with its witnesses in support of the facts in the PSI, and that the government was trying to ascertain the facts Noblitt agreed to so it could limit the scope of the testimony it needed to elicit. Noblitt responded by proposing that the government start reading the PSI at paragraph one, and, after each paragraph, he would state whether he agreed with it. The district court asked Noblitt why he could not specify for the government the disputed factual allegations, and Noblitt responded that he could if he had a few minutes. The government responded that Noblitt should have objected to the PSI within the proper time frame, and to the extent that he had objected, his objections were legally insufficient. At that point, the court continued the sentencing hearing, directing the government to file a motion and Noblitt to file a response to the government's motion.

The government filed a motion to adopt the facts in the PSI as undisputed pursuant to Rule 32(i)(3). In the motion, the government argued that Noblitt's

objections lacked the specificity and clarity required to trigger the court's duty to make factual findings under Rule 32(i)(3). Noblitt responded by identifying, paragraph by paragraph, the factual allegations in the PSI with which he disagreed. In essence, Noblitt contested certain facts affecting the calculation of total drug quantity and his role in the conspiracy.

At the continued sentencing hearing, the district court granted the government's motion to adopt the facts in the PSI as undisputed under Rule 32(i)(3), stating that it agreed with the government that Noblitt's objections to the PSI were so "perfunctory, conclusory, and lacking in both clarity and specificity" that the court was not required to make factual findings beyond those contained in the PSI. The district court further stated that, although Noblitt had responded to the government's motion and set forth additional objections to the facts, those objections were untimely pursuant to Fed. R. Crim. P 32(f)(1). Accordingly, the court adopted the PSI as undisputed, finding that the government had shown by a preponderance of the evidence that Noblitt's role in the offense and the quantity of drugs for which he was accountable were stated accurately in the PSI. The court then sentenced Noblitt to 262 months' imprisonment. This appeal followed.

Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure provides that a sentencing court "must -- for any disputed portion of the presentence report or

6

other controverted matter -- rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). "A defendant triggers [the predecessor to Rule 32(i)(3)(B)] only by challenging statements of <u>fact</u> that are in the presentence report. Vague assertions of inaccuracies in the report are insufficient; instead, the defendant must make clear and focused objections to specific factual allegations made in the report." <u>United States v. Owen</u>, 858 F.2d 1514, 1517 (11th Cir. 1988) (citation omitted; emphasis added). We have held that "challenges to the PSI must assert with specificity and clarity each factual mistake of which [the] defendant complains." <u>United States v. Aleman</u>, 832 F.2d 142, 145 (11th Cir. 1987). Otherwise, the district court would have to "guess whether a challenge is being mounted as well as what defendant wishes to contest; Rule 32 does not place that burden on district judges." <u>Id.</u>

"[W]hile a defendant may challenge statements of fact in the PSI, he cannot properly make Rule 32 objections that go, for example, merely to tone, form, or style of the report or that protest obvious recommendations, opinions, or conclusions that are not fundamentally factual in nature." <u>Id.</u> If the challenge is not asserted with specificity and clarity, it is waived. <u>United States v. Bennett</u>, 472 F.3d 825, 832 (11th Cir. 2006). In <u>United States v. Villegas</u>, 911 F.2d 623, 632-33

7

(11th Cir. 1990), we held that, because a defendant's objections to his role in the offense were essentially objections to opinions or legal conclusions, and the defendant had not challenged the accuracy of the facts underlying the characterizations, his objections were "not cognizable under Rule 32."

"When a defendant challenges one of the <u>factual</u> bases of his sentence as set forth in his [PSI], the burden rests with the prosecution to establish the disputed fact by a preponderance of the evidence. The trial court must then either (1) make an explicit factual finding as to the allegation; or (2) determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing the defendant." <u>United States v. Butler</u>, 41 F.3d 1435, 1444 (11th Cir. 1995) (emphasis added). "When a defendant objects to a factual finding that is used in calculating his guideline sentence, <u>such as drug amount</u>, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1296 (11th Cir. 2005) (emphasis added). If the government does not present evidence to support a contested fact underlying the defendant's sentence, we are "obliged to vacate the sentence imposed and remand for resentencing." <u>United States v. Hall</u>, 349 F.3d 1320, 1325-26 (11th Cir. 2003).

In this appeal, we consider the sufficiency of Noblitt's two primary objections to the PSI: (1) the enhancement for his role in the offense and (2) the calculation of the ultimate quantity of drugs attributed to him.

First, Noblitt's timely objection to his role in the offense did not challenge the underlying facts supporting the PSI's recommendation to enhance his offense level based on his leadership role in the offense. Rather, he summarily stated: "Mr. Noblitt did not have an aggravating role in the offense." He in no way challenged the PSI's statement of the facts supporting the leadership enhancement. He did not dispute that his role in the conspiracy included both manufacturing and selling MDMA, or that he served in a consulting role for startup MDMA labs by providing production advice in exchange for a portion of the MDMA produced. He did not dispute the PSI's description of how he expanded the scope of the MDMA distribution operation by assisting in the establishment of numerous labs. His efforts included providing willing manufacturers with the necessary chemicals and equipment to make the MDMA. In short, he disputed <u>none</u> of the facts detailed at length in the PSI. These facts amply support the PSI's recommendation that Noblitt played a leadership role in the conspiracy. On this record, it is obvious that Noblitt's one-line objection to a legal conclusion in the PSI -- that based on the

forgoing facts, Noblitt played an aggravating role in the offense conspiracy -- was insufficient to trigger the district court's fact-finding duty under Rule 32.

We reach a different conclusion, however, as to Noblitt's objection to drug quantity, which we find was "fundamentally factual in nature" and put the court and the government on notice as to the factual issue in dispute. Aleman, 832 F.2d at 145; see also Rodriguez, 398 F.3d at 1296 (holding that government bears the burden to establish disputed facts by a preponderance of the evidence and enumerating "drug amount" as an example of such a fact); United States v. Wise, 881 F.2d 970, 972 (11th Cir. 1989) (stating that "appellant properly objected to [drug quantity in] the presentence report [by] contending that the evidence was insufficient to establish that over 500 grams of cocaine base were involved in his offense").

Again, the PSI stated that Noblitt was responsible for 52,500 grams of MDMA. In his written objections and attached letter, Noblitt objected to the quantity of MDMA for which he was held accountable in the PSI and stated that he should have been held accountable for only 6,000 to 20,000 grams of MDMA. This objection was specific, clear, and timely. Moreover, it challenged a conclusion in the PSI that was fundamentally factual in nature. Rodriguez, 398 F.3d at 1296; Wise, 881 F.2d at 972; Aleman, 832 F.2d at 145. On this record,

pursuant to Rule 32(i)(3)(B), the district court was required to engage in fact-finding sufficient to resolve the disputed issue. In order for the district court to conduct its fact-finding, the government had the burden to come forward with evidence sufficient to prove by a preponderance its contention with respect to drug quantity. See Rodriguez, 398 F.3d at 1296; United States v. Lawrence, 47 F.3d 1559, 1567 (11th Cir. 1995). The district court's finding by a preponderance of the evidence that the drug quantity was accurately stated in the PSI was made without the receipt of any government evidence. Accordingly, the district court's factual finding with respect to drug quantity was clearly erroneous and we must vacate Noblitt's sentence and remand for further proceedings on this issue. Again, the government bears the burden of coming forward with sufficient evidence to establish by a preponderance that Noblitt should be held accountable for 52,500 grams of MDMA.[1]

**VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

A True Copy - Attested
Clerk U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

[1] We DENY Noblitt's "Motion to Remove Counsel and to Stay Appellate Proceedings."

11