IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARC EUGENE NOBLITT, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:10-CV-1984-CC-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:03-CR-665-CC-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the above time period.

**SO ORDERED**, this _6_ day of _June_____, 2011.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARC EUGENE NOBLITT, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:10-CV-1984-CC-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:03-CR-665-CC-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, proceeding pro se challenges, pursuant 28 U.S.C. § 2255, his convictions in this Court for unlawful possession of the drug ecstasy and conspiring to possess ecstasy with the intent to distribute it. (Doc. 440.)[1] The Government has filed a response opposing the motion, (Doc. 450), and Movant has filed a reply to that response, (Doc. 453). For the reasons discussed below, the undersigned recommends that Movant's motion be denied and that he be denied a certificate of appealability.

## I.   Background

Upon his indictment in this case, Movant retained attorney William McKenney to represent him. McKenney's associate, Steven Berne, also represented Movant.

---

[1] Unless otherwise indicated, all citations to the record in this Order refer to criminal action number 1:03-CR-665-CC-LTW.

McKenney and Berne represented Movant through Movant's initial sentencing.

Movant's trial was set for February 28, 2005. (Doc. 259.) Movant fled to Germany shortly before the trial and remained a fugitive until April 22, 2006, when German authorities arrested him and returned him to Georgia. On February 22, 2007, Movant pled guilty to six counts of possession of ecstasy with the intent to distribute it and two counts of conspiring to manufacture and distribute ecstasy. (Doc. 390.) The time period in which Movant committed those crimes was October 1999 to September 2003. There was no plea agreement.

The Court sentenced Movant on June 4, 2007. (Doc. 392.) The sentencing hearing began on May 30, 2007, but, as discussed below, was continued to June 4, 2007. (Doc. 391.) The Court calculated Movant's base offense level under the Sentencing Guidelines as 36, based in part on the quantity of ecstasy attributable to Movant. The Court then applied a two-level increase for obstruction of justice, a two-level decrease for acceptance of responsibility, and a three-level increase for Movant's role in the offense to reach a total offense level of 39. Movant's criminal history category was I. The advisory range of imprisonment under the Sentencing Guidelines was 262 to 327 months. The Court sentenced Movant to a total of 262 months' imprisonment, among other things. (Doc. 376.)

Before sentencing, Berne submitted a letter on Movant's behalf in which he objected to the presentence investigation report's ("PSI") recommendation that Movant receive a three-level enhancement for having a managerial or supervisory role in the ecstasy crimes and objected to the PSI's calculation of the quantity of ecstasy attributable to Movant. (Doc. 391 at 6-7.) In the letter, dated April 30, 2007, Berne stated that Movant "did not have an aggravating role in the offense," but provided no support for that statement and did not specifically challenge any of the facts in the PSI supporting the three-level role enhancement. *United States v. Noblitt*, 280 F. App'x 877, 879 (11th Cir. 2008).

On May 30, 2007, at the initial sentencing hearing, Respondent moved the Court to adopt the facts in the PSI as undisputed because of Movant's perfunctory and non-specific objections. (Doc. 391 at 17.) The Court asked Berne to identify the specific factual findings in the PSI to which Movant objected. (*Id.* at 13.) Berne stated that he could do so, but needed a continuance. (*Id.* at 5, 13.) The Court continued the hearing to June 4, 2007, directed Respondent to put in writing its motion to adopt the facts in the PSI as undisputed, and directed Movant to file a response to the motion. (*Id.* at 19.) Both parties complied, with Berne filing supplemental objections to specific paragraphs of the PSI that contained facts supporting the role enhancement and drug

3

quantity.   (Docs. 370-371.)   On June 4, 2007, the Court found that Movant's supplemental objections were untimely, disregarded those objections, and therefore adopted the facts in the PSI as undisputed. (Doc. 392 at 2-3.) The Court found, after having reviewed the record in the case and the sentencing factors in 18 U.S.C. § 3553, that Respondent "ha[d] shown by a preponderance of the evidence that [Movant's] role in the offense was as stated in the [PSI]" and that a sentence of 262 months' imprisonment was "reasonable and fair given the facts and circumstances surrounding [Movant's] role in the offense." (*Id.* at 2, 4, 15.)

On appeal, the Eleventh Circuit held that the only timely objections to the three-level role enhancement – those in Berne's April 30 letter – "disputed *none* of the facts detailed at length in the PSI" and, thus, were "insufficient to trigger the district court's fact-finding duty under Rule 32." *Noblitt*, 280 F. App'x at 881. The appellate court found Movant's objection to the quantity of ecstasy attributable to him was sufficient, however, and held that the Court did not conduct the required fact-finding on that issue. *Id.* at 882. The Eleventh Circuit vacated Movant's sentence and remanded the case for the Court to make factual findings regarding the drug quantity. *Id.* at 882.

On December 16, 2008, the Court received evidence regarding the quantity of ecstasy attributable to Movant, made factual findings on that issue, and re-sentenced

4

Movant. (Docs. 426-27.) The Court found that Movant was responsible for more than 20, but less than 80, kilograms of ecstasy, thus giving him a base offense level of 36 under the Sentencing Guidelines. (Doc. 426 at 191-92.) The Court applied the same adjustments to the base offense level that it applied at Movant's first sentencing, resulting in a total offense level of 39 and an advisory range of 262 to 327 months' imprisonment under the Sentencing Guidelines. (*Id.* at 217-18.) The Court again sentenced Movant to 262 months' imprisonment. (*Id.*) The Court "concluded that a sentence under either the guidelines or pursuant to those factors outlined in [18 U.S.C. §] 3553 would be essentially the same." (*Id.* at 120.)

Movant again appealed. The Eleventh Circuit affirmed his convictions and sentence. *United States v. Noblitt*, 343 F. App'x 544 (11th Cir. 2009).

In his § 2255 motion, Movant asserts that he received ineffective assistance of counsel in connection with his first sentencing. (Doc. 440.) Specifically, Movant argues that McKenney and Berne were ineffective for not properly objecting to the three-level sentencing enhancement for Movant's role in the crime and for not presenting evidence challenging the facts underlying that enhancement. Without that enhancement, the advisory range of imprisonment under the Sentencing Guidelines would have been 188 to 235 months.

Movant contends that, shortly after he received the PSI and well before the initial May 30, 2007 sentencing hearing, he gave Berne several handwritten pages of objections to specific portions of the PSI, including those portions containing the facts supporting the role enhancement.  Movant, through former counsel, produced those handwritten notes to Respondent after filing his § 2255 motion, and the notes are now in the record.  (Doc. 450 Ex. A.)  Finally, Movant argues that his counsel's deficient performance stemmed, at least in part, from a conflict of interest in that his counsel placed their own financial interest in attorney fees over Movant's interests.

## II.   **Applicable Law**

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

6

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

7

## III.   Analysis

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973).  As discussed below, the record in this case conclusively demonstrates that Movant's claims lack merit and that he is not entitled to relief under § 2255.

### A.   Law Regarding the Role Enhancement

The three-level role enhancement at issue in this case applies if a criminal defendant was a manager, supervisor, organizer, or leader of criminal activity that "involved five or more participants or was otherwise extensive."  U.S. Sentencing Guidelines Manual § 3B1.1 (2007).  Factors considered in determining whether the enhancement applies include the defendant's: nature of participation in the crime and exercise of decision-making authority, degree of participation in planning or organizing the crime and degree of control or authority over others, recruitment of accomplices, and claimed right to a larger share of the fruits of the crime.  *United States v. Vallejo*, 297 F.3d 1154, 1169 (11th Cir. 2002).  A defendant need not be "the sole leader or kingpin of the conspiracy," *id.*, and need only manage, supervise,

8

organize, or lead one of the other participants, *United States v. Cruz-Natal*, 150 F. App'x 961, 966 (11th Cir. 2005).

B.   Movant Has Not Shown Prejudice from His Counsel's Alleged Ineffectiveness

Even assuming that his counsel's performance regarding the role enhancement was below objectively reasonable standards, Movant's ineffective assistance claim fails because he has not shown prejudice, i.e., that had his counsel properly objected to the role enhancement he would not have received a 262-month prison sentence. The evidence supporting the role enhancement was overwhelming. Before the final sentencing hearing on December 16, 2008, Respondent submitted witness statements obtained by former DEA Task Force Agent Roland Castro and other law enforcement personnel, as well as documents obtained independently of the witnesses and PSI's for co-defendants who pled guilty. (Doc. 412 & sealed exs.) The witness statements were those of Movant's co-conspirators and other participants in the ecstasy drug operation. (*Id.*) Castro testified at the December 16, 2008 sentencing hearing. (Doc. 426.)

While the factual issue the Court had to resolve at the December 16, 2008 hearing was the quantity of ecstasy attributable to Movant, the evidence the Court received and considered also pertained to Movant's role in the crime. For example,

Castro identified Movant in response to the following question by the Court at the hearing: "Under whose supervision were Choi and Anderson working?" (Doc. 426 at 23.) Castro testified that the evidence revealed that Movant had Stephen Hasenfus buy chemicals and supplies needed to manufacture ecstasy, including a tableting machine that Movant wanted.  (*Id.* at 33-34, 43-44.)  On cross-examination by Movant's counsel, Castro testified that Movant instructed five individuals on the formula for making ecstasy. (*Id.* at 49.)  The documentary evidence was consistent with Castro's testimony, the witness statements, and the facts admitted by Movant's co-defendants in connection with their guilty pleas.

The evidence presented by Respondent, including Castro's testimony, amply supported the role enhancement, and the Court expressly found the evidence credible, reliable, and corroborating in nature. (Doc. 427 at 1-7.) Although Movant identified inconsistencies in some of the witness interview statements, the Court found those inconsistencies did not diminish the overall reliability of the witnesses' statements given the totality of the evidence. (*Id.* at 6.) In addition to its written factual findings, the Court stated at the December 16, 2008 hearing that it "found [Movant's] role in this conspiracy, contrary to the remarks made by his lawyers, reveals that he was more culpable than any of the other co-conspirators" and thus "concluded that a sentence

10

under either the guidelines or pursuant to those factors outlined in [18 U.S.C. §] 3553 would be essentially the same." (*Id.* at 119-20.)

Movant contends that the Court could not – or at least would not – have applied the role enhancement if Movant's counsel had timely and properly presented the objections to the PSI that Movant handwrote and gave to Berne before the first sentencing hearing in May 2007. That argument lacks merit for several reasons.

First, the portions of Movant's handwritten objections concerning his role in the crime are conclusory; they consist of nothing more than Movant's personal assertions and his personal dispute with some of his co-conspirators' statements. For example, Movant stated in his objections that "Ogburn started and was leader of this lab, not [Movant]," (Doc. 450, Ex. A at 10), "[Movant] received no drugs or proceeds, was not involved, was not a leader," (*id.*), "Ogburn was the leader, [Movant] was not involved," (*id.* at 12), "[Movant] was not involved and not the leader," (*id.*), and that Movant "was either a dealer, an abettor/facilitator, or was not involved," (*id.* at 17.) Movant further stated that he was not a leader because he "obtained none of the supplies or chemicals," (*id.* at 7), Ogburn sold ecstasy to him for a higher price than Ogburn paid for it, (*id.* at 10, 16), Ogburn built the labs, (*id.* at 11), and "Ogburn had more money stolen than [Movant] had made from 1998 until 2003," (*id.* at 8.) Movant

11

characterized those assertions as "evidence" that he was not a leader, but identified no source, other than himself, as support for his assertions. Ogburn, who Movant clearly labeled in his objections as the ringleader of the ecstasy operation, could not have testified at any of Movant's sentencing hearings – to either support or refute Movant's claims – because he died three years before Movant pled guilty. (Doc. 100.)

Second, Movant asserted in his handwritten objections to the PSI only that he was not a leader in the drug operation. Indeed, Movant included the definition of "leader" from Webster's Dictionary in his objections and contrasted it to Webster's definition of "abettor." (Doc. 450, Ex. A at 14.) As discussed above, however, the role enhancement applies not only if a defendant is a "leader," but also if he is a manager, organizer, or supervisor of at least one participant of the crime. U.S. Sentencing Guidelines Manual § 3B1.1 (2007). The relevant factors include actions other than leadership, including the degree of participation in planning or organizing the crime and the exercise of some decision-making authority. *Vallejo*, 297 F.3d at 1169. Movant's objections, even if they had been supported by evidence other than Movant's personal assertions, did not preclude the role enhancement based on his organization, management, or supervision of another in the drug operation.

Third, while Movant's objections demonstrate that he personally disputed some

things his co-conspirators told authorities and admitted in connection with their guilty pleas (and presumably Movant would have testified as such), the Court found the evidence from the co-conspirators credible and expressly relied on it in determining Movant's sentence.[2] (Doc. 427.) The Court found that the totality of the evidence, including documents that Movant did not dispute in his objections, outweighed any inconsistencies or purported credibility issues regarding the co-conspirators' statements. (*Id.*) For all these reasons, Movant has not shown that his sentence would have been different had the conclusory assertions in his handwritten objections been timely submitted and considered by the Court.

The Court's findings, at both sentencing hearings, that Movant's sentence was fair and reasonable considering the factors set out in 18 U.S.C. § 3553 and that the sentence was supported by those factors alone further indicates that Movant was not

---

[2] The only evidence Movant identifies that he would have presented at sentencing regarding the role enhancement is his counsel's "comprehensive examination of Movant's accusors – e.g., Rawls (whose faulty or fabricated recollection of past meetings with Movant could have been readily controverted), or Bradshaw (who had told investigators that Movant 'was not the leader')," as Movant expected Respondent to call those persons as witnesses. (Doc. 440, Attach. 1 at 11-12 n.3.) The Court's finding that evidence from "Movant's accusors" was credible precludes a finding that he would not have received the role enhancement if his counsel had cross-examined those persons, and a finding that Movant was not a "leader" would not have barred the role enhancement, as previously discussed.

prejudiced by his counsel's alleged ineffectiveness. Movant presumes and believes it reasonably probable that the Court would have sentenced him to fewer than 262 months in prison if the advisory range under the Sentencing Guidelines had been 188 to 235 months (without the role enhancement) rather than 262 to 327 months (with the role enhancement). Movant bases that presumption on the 262-month prison sentence coinciding with the low end of the advisory guidelines range that the Court calculated. The Court was not bound to sentence Movant within the guidelines range, however, and Movant has pointed to nothing – other than his presumption – that suggests the Court would have sentenced him to fewer than 262 months in prison if the guidelines range had been lower. The record belies any such contention.

The Court's refusal to consider Movant's untimely objections to the role enhancement, despite its authority to do so, further supports a finding that Movant was not prejudiced and that the Court found the 262-month sentence appropriate notwithstanding the role enhancement. The Court could have considered – and received additional evidence regarding – the untimely objections before sentencing Movant on June 4, 2007. *See* Fed. R. Crim. P. 32(i)(1)(D) ("[T]he court: . . . may, for good cause, allow a party to make a new objection at any time before sentence is imposed."); *United States v. Angeles-Mendoza*, 407 F.3d 742, 748-49 (5th Cir. 2005)

14

(holding that district court did not abuse its discretion in considering the government's untimely objection to the recommendation in the PSI that the defendant receive only a six-level enhancement because the defendants were previously aware of the government's position and had adequate time to prepare for sentencing).

Movant personally suggested at sentencing that there was good cause for the Court to consider his objections to the role enhancement. Movant told the Court that he gave his counsel his objections and relevant information promptly after receiving the PSI and that the evidence, including Respondent's own witnesses, would support his position. (Doc. 392 at 4-5, 21.) Respondent was prepared to present its witnesses to support the facts in the PSI regarding Movant's role. The Court nonetheless did not exercise its discretion to consider Movant's objections, which supports the finding that Movant's sentence would not have been different even considering his objections and, thus, that he was not prejudiced by his counsel's alleged ineffectiveness.

Finally, Movant has identified no evidence that the alleged pecuniary conflict of interest affected his counsel's representation of him. Even if Movant could demonstrate deficient performance based on the alleged conflict of interest, he has not shown prejudice for the reasons discussed above. Accordingly, Movant is not entitled to relief under § 2255.

## IV.   Certificate of Appealability ("COA")

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotations omitted).

A COA is not warranted here.  The record demonstrates that Movant is not entitled to relief, and the resolution of his claims is not reasonably debatable.

## V.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [440] be **DENIED.  IT IS FURTHER RECOMMENDED** that

16

Movant be **DENIED** a certificate of appealability.

    **SO RECOMMENDED** this ___ day of _____, 2011.

                             LINDA T. WALKER

                             UNITED STATES MAGISTRATE JUDGE

17

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARC EUGENE NOBLITT, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:10-CV-1984-CC-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:03-CR-665-CC-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the above time period.

**SO ORDERED**, this ⟋ day of _____ June _____, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

2