IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARC EUGENE NOBLITT, | :: | CIVIL ACTION NO. |
|    Movant, | :: | 1:10-CV-1984-CC-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:03-CR-665-CC-LTW-1 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
|    Respondent. | :: | 28 U.S.C. § 2255 |

## **ORDER**

Movant, pro se, seeks to vacate his sentence under 28 U.S.C. § 2255. (Doc. 440.) Magistrate Judge Walker issued a Report and Recommendation ("R&R") that recommends denying the § 2255 motion and denying a certificate of appealability. (Doc. 454.) Movant filed objections to the R&R. (Doc. 455.)

Under 28 U.S.C.A. § 636(b)(1), a district judge "shall make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1). The Court must conduct a de novo review if a party files "a proper, specific objection" to a finding contained in the report and recommendation. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *United States v. Gaddy*, 894 F.2d 1307, 1315 (11th Cir. 1990); *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). Legal conclusions

are reviewed de novo, regardless of whether a party specifically objects. *United States v. Keel*, 164 F. App'x 958, 961 (11th Cir. 2006); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982).

Movant objects to the conclusion in the R&R that he has not shown that his counsel's alleged ineffectiveness at sentencing prejudiced him in this case. Movant's counsel did not timely object to specific facts contained in Movant's presentence report regarding the three-level role enhancement Movant received, and no witnesses other than Drug Enforcement Agent Castro testified at Movant's two sentencing hearings. Movant contends that had his counsel timely objected to the presentence report and had witnesses whose written statements were submitted instead testified and been cross-examined, he would not have received the three-level role enhancement for being a manager, supervisor, organizer, or leader of the criminal activity to which he pled guilty.

As an initial matter, the Court finds that Movant has not satisfied his "heavy" burden of overcoming the "strong presumption" that his trial counsel's defense of the role enhancement was objectively reasonable. *See Chandler v. United States*, 218 F.3d 13105, 1314 (11th Cir. 2000) (en banc). "If some reasonable lawyer might have not pursued a certain defense," e.g., a particular challenge to the role enhancement in this

2

case, then Movant's counsel did not render constitutionally ineffective assistance by not doing so. *See id.* at 1316 n.17.  Movant has not identified evidence regarding his role in the offense, even in his conclusory assertions in his § 2255 filings, that supports a finding that no reasonable lawyer would have done more than Movant's counsel did to challenge the role enhancement.  As discussed in detail in the R&R, while Movant's counsel may have been able to cast doubt on whether he was a "leader" for purposes of the role enhancement, the record amply supports a finding that he managed, organized, or supervised at least one person in the drug operations.  Movant has not established that presentation and cross-examination at sentencing of witnesses who submitted written statements would have precluded a factual finding that the role enhancement applied.  Thus, he has not shown that it was objectively unreasonable for his counsel not to present those witnesses or pursue a different strategy in challenging the role enhancement.

The Court agrees with the R&R that Movant also has not shown the prejudice required to establish constitutionally ineffective assistance of counsel regarding the role enhancement.  The undersigned sentenced Movant to 262 months' imprisonment twice – at the initial sentencing hearing in June 2008 and at the December 2008 hearing – after hearing argument, receiving written and live testimony, and receiving

3

documentary evidence. The Court stated at Movant's final sentencing hearing that it would impose essentially the same 262-month sentence under either the U.S. Sentencing Guidelines (the "Guidelines") or the sentencing factors in 18 U.S.C. § 3553. (Doc. 427 at 119-20.)   Movant contends the R&R speculates that the undersigned would have imposed the same sentence had the role enhancement not been applied and the Guidelines range been lower. Speculation or not, the Court finds nothing to undermine its conclusion that the sentence imposed was appropriate, even if the Guidelines range had been lower. Movant's contrary position is speculation, which is insufficient to satisfy his burden of showing prejudice. More importantly, Movant has not shown that had his counsel challenged the role enhancement in the manner he proposed, the Court would not have found that he managed, organized, supervised, or led one or more of the other participants in the large drug operation to which he pled guilty. Based on the extensive record in this case and Movant's current submissions, the Court finds no basis to believe that it would not have applied the role enhancement had Movant's counsel done what Movant contends they should have done.

After a careful, de novo review, the Court finds that Movant has not shown ineffective assistance of counsel. The Court **OVERRULES** Movant's objections

4

[455] and **ADOPTS** the R&R [454] as the opinion of the Court.  Movant's § 2255 motion [440] is **DENIED** and Movant is **DENIED** a certificate of appealability. Civil action number 1:10-CV-1984-CC-LTW is **DISMISSED**.

**SO ORDERED** this 26th day of July, 2011.

*s/ CLARENCE COOPER*
CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)